Roland Tong (State Bar No. 216836)
  *rjt@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
19800 MacArthur Blvd, Suite 900
Irvine, California 92612
Telephone: (949) 440-6690
Facsimile: (949) 474-6991

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Crorama, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Jannette Dominguez, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT, INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS, AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff complains of Defendant as follows:

1. Plaintiff Crorama, Inc. ("Crorama") is a California corporation whose principal place of business is in Brea, California. Crorama is in the business selling mixed martial arts (MMA) apparel and accessories.  One of Crorama's website is www.elitesports.com where it sells various highly-quality MMA products under the "Elite" brand name.  See Exhibit A.

2. Defendant Jannette Dominguez is an individual residing in 21431 SW 129th Court, Miami, Florida 33177-7453 and doing business as Cobra Combat.  Defendant is also in the business of selling mixed martial arts apparel and accessories. Plaintiffs are informed and believe and on that basis allege that Defendant is advertising, distributing, and selling a substantial amount of MMA apparel and accessories in this district.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages and injunctive relief under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and under the laws of the State of California.

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Crorama's state law claims for unfair competition and intentional interference with contract in that they are so related to Crorama's claims under the Copyright Act as to be part of the same case or controversy.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims arose in this District.

6. This Court has personal jurisdiction over Defendant, including because Defendant has engaged in, contributed to, and induced the infringing conduct at issue within the State of California and among other things, has purposefully directed her activities at California. Upon information and belief, Crorama additionally avers that, among other things, (a) Defendant or her respective agents are doing or have been doing business continuously in the State of California and this District, (b) a substantial part of the wrongful acts committed by Defendant, and each of them, have occurred in interstate commerce, in the State of California, and in the Central District of California, and (c) Defendant knows that the damages and other harmful effects of Defendant's infringing activities occur in California, where Crorama has its principal place of business.

## FACTS APPLICABLE TO ALL CLAIMS

7. Crorama, Inc.'s owns a subsidiary company in Pakistan called Fabro Int. PVT LTD ("Fabro"). Fabro is responsible for hiring, managing, and paying employees in Pakistan that would perform the digital marketing for Crorama, including social media marketing, website development, search engine optimization, online reputation management and the like.

8. On or about June 1, 2018, Fabro hired Rustam Ali ("Ali") and entered into an Employment Agreement with Ali in Pakistan. The Employment Agreement imposed: (1) a non-solicitation obligation to Ali wherein Ali agreed not to offer any existing employee a job in any other company; (2) a non-compete obligation to Ali wherein Ali would not join any competitors to the company; and (3) an obligation to return all company properties including social media accounts and log-in credentials associated with them upon the termination of his employment.

9. Crorama regularly updates its websites and catalog with new products. On or about March 14, 2017, Crorama created a catalog of products including pictures of athletes wearing its line of apparel and accessories. Crorama hired DGS Graphics Studios to take pictures of its model athletes. The photographs were wholly original with DGS Graphics Studios and is copyrightable subject matter. Graphics Studios assigned its rights to the pictures of the model athletes to Crorama. (hereinafter "Copyrighted Photographs")

10. Shortly thereafter, in October 2017, Crorama published these pictures on various social media platforms, including Facebook and Instagram, and Crorama's website. Crorama also gave Ali access to these Copyrighted Photographs.

11. On or about March 14, 2019, Crorama's president found the same pictures on Defendant's website and Instagram account. Defendant had slightly changed the pictures by replacing Plaintiff's logos on the products with Defendant's own logos and by removing the tattoos of the model. Defendant is now using the same pictures to advertise and sell the same exact products with its own logos in various places on-line, including its website (www.cobracombat.com) as shown in Exhibit B and Instagram (@cobracombatus) as shown in Exhibit C.

12. Crorama's president spoke to Ali about this unauthorized copying of the Copyrighted Photographs. Ali admitted to Crorama's president that he gave access to the Copyrighted Photographs to the Defendant. Thereafer, Crorama terminated Ali's employment. At that point, Crorama found out that Ali was using an alias, Fernando.

13. In retaliation, Ali started working for the Defendant in violation of his Employment Agreement with Crorama. Upon information and belief, Defendant hired Ali despite knowing that Ali has a non-compete obligation with his previous employer. Ali *aka* Fernando vowed to recruit model athletes Crorama hires or previously hired for Crorama's competitor. For instance, Ali *aka* Fernando recruited a Jiu Jitsu athlete named Justin Miller. See Exhibit D.

14. Ali has also refused to return all Crorama properties back to Crorama, including social media accounts and log-in credentials associated with them.

15. Crorama's president had various correspondence with the Defendant from March 19, 2019 to the present. See Exhibits E, F, and G. Defendant admitted that (1) she now employs Ali (2) she used without authorization Plaintiff's Copyrighted Photographs, (3) Ali has introduced her to the model athletes Crorama hires or has previously hired, (4) she now uses the same model athletes for her marketing, (5) she knows that Ali still has possession of Crorama properties, and (6) that Ali has an obligation to return all company properties back to Crorama. Crorama's president has informed Defendant Ali has a non-compete obligation to Crorama as well.

## COUNT I

## COPYRIGHT INFRINGEMENT

16. Crorama realleges and incorporates by reference the allegations in paragraphs 1 through 15, as if set forth fully herein.

17. Effective as of March 2019, DGS Graphics Studios granted to Crorama all of DGS Graphics Studios' right, title and interest in the Copyrighted Photographs in the United States.

18. On April 1, 2019, Crorama registered the Copyrighted Photographs with the Register of Copyrights. The Certificate of Registration bears the number VA 2-145-122. See Exhibit H.

19. On or about March 2019, defendant began reproducing and distributing the Copyrighted Photographs in its website with the URL, www.cobracombat.com, its

Facebook page, and Instagram page in the United States. Unless enjoined and restrained, defendant's conduct threatens to further infringe plaintiffs' copyright interests.

20. Defendants have infringed, and are continuing to infringe, Plaintiff's copyrights by reproducing, adapting, distributing, and/or authorizing others to reproduce, adapt, and distribute the Copyrighted Photographs without authorization, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

21. At no time has Plaintiff authorized defendant to reproduce or distribute the Copyrighted Photographs.

22. Defendants' acts of infringement are willful, in disregard of, and with indifference to the rights of Crorama.

23. By reason of defendant's infringement and threatened infringement, plaintiff has sustained and will continue to sustain substantial injury, loss and damage to its ownership rights in the copyrighted work.

24. Further irreparable harm to plaintiff is imminent as a result of defendant's conduct, and plaintiff is without an adequate remedy at law. Plaintiff is entitled to an injunction restraining defendant, its officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further such acts of copyright infringement.

25. Plaintiff is further entitled to recover from defendant the damages sustained by plaintiff as a result of defendant's acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the monetary damage it has suffered by reason of defendant's acts of copyright infringement, but plaintiff is informed and believe, and on the basis of such information and belief allege, that plaintiff has sustained such damage in an amount exceeding $100,000.

26. Plaintiff is further entitled to recover from defendant the gains, profits and advantages it has obtained as a result of its acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the gains, profits and advantages

defendant has obtained by reason of its acts of copyright infringement, but plaintiff is informed and believe, and on the basis of such information and belief allege, that defendant has obtained such gains, profits and advantages in an amount exceeding $100,000.

## COUNT II

**INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

27. Crorama realleges and incorporates by reference the allegations in paragraphs 1 through 26, as if set forth fully herein.

28. Crorama, through its subsidiary Fabro, entered into an Employment Agreement with Ali in Pakistan.  The Employment Agreement imposed: (1) a non-solicitation obligation to Ali wherein Ali agreed not to offer any existing employee a job in any other company; (2) a non-compete obligation to Ali wherein Ali would not join any competitors to the company; and (3) an obligation to return all company properties including social media accounts and log-in credentials associated with them.

29. Upon information and belief, Crorama's contract with Ali is valid and enforceable in Pakistan.

30.  Crorama is informed and believed, and on that basis alleges, that Defendant is aware of the contract between Crorama and Ali.  Defendant is specifically aware that Ali has a non-compete obligation towards Crorama wherein Ali would not join any competitors to the company and Ali has an obligation to return to Crorama all company properties including social media accounts and log-in credentials associated with them.  Nevertheless, Defendant hired Ali knowing that hiring Ali is a breach of Ali's Employment Agreement with Crorama.  Defendant also continues to employ and pay Ali who in turn allows Defendant to access Crorama's social media accounts and introduces Defendant to model athletes hired by Crorama.

31. By hiring Ali and continuing to employ Ali, Defendant has intentionally interfered, and continue to interfere, with the Employment Agreement between Ali

and Crorama.

32. As a result of Defendant's actions, Crorama has suffered damage in an amount to be proven at trial, including but not limited to diversion of Crorama's resources to attempt to detect and prevent the further use of the Copyrighted Photographs, decreased profits, and loss of profits from consumers who would mistakenly think that they are buying MMA apparel from Crorama as Defendant's advertising materials look like Crorama's.

33. Defendant's intentional interference with the contracts between Ali and Crorama entitles Crorama to injunctive relief and compensatory damages, the imposition of a constructive trust over Defendant's wrongfully obtained proceeds, and other available relief.

34. Defendant is guilty of oppression, fraud, or malice, and Crorama, in addition to its actual damages, by reason thereof, is entitled to recover exemplary and punitive damages against Defendant.

## COUNT III
## UNFAIR COMPETITION

35. Crorama realleges and incorporates by reference the allegations in paragraphs 1 through 26, as if set forth fully herein.

36. Cal. Bus. & Prof. Code § 17200, et seq., states that unfair competition shall mean and include any "unlawful, unfair or fraudulent business act or practice."

37. Defendant's actions as alleged herein constitute unlawful business acts and/or practices under Cal. Bus. & Prof. Code § 17200, et seq. and the common law because she is using the Copyrighted Photogaphs of Crorama.

38. Defendant's conduct constitutes unfair business acts and/or practices because Defendant is using Crorama's information it obtained from Ali knowing that Ali is in breach of his obligations to Crorama. Defendant is using said information to unfairly compete with Crorama. Besides using the Copyrighted Photographs, Defendant is using the industry knowledge and resources of Crorama from Ali, such as Crorama's

model athletes and social media connections.

39. As a direct and proximate result of Defendants' wrongful acts, Plaintiff is likely to suffer, and/or has suffered, and is likely to continue to suffer damage to its sales and profits. Defendant will continue, unless restrained, to use the Copyrighted Photographs and use Crorama's industry knowledge, connections with model athletes, and social media connections from Crorama's ex-employee. This will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of unfair competition. Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from their unlawful conduct.

40. Plaintiff is further entitled to recover from Defendants the actual damages that it has sustained and/or is likely to sustain as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendants' acts of unfair competition, but they are in excess of $100,000.

41. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of unfair competition, but they are in excess of $100,000.

42. Due of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, plaintiff prays as follows:

1. For a temporary restraining order, preliminary and permanent injunction enjoining and restraining defendant and all persons acting in concert with it from manufacturing, reproducing, distributing, adapting, displaying, advertising,

promoting, offering for sale and/or selling, or performing any materials that are substantially similar to the copyrighted work, and to deliver to the Court for destruction or other reasonable disposition all such materials and means for producing same in defendant's possession or control.

2. For a temporary restraining order, preliminary and permanent injunction enjoining and restraining defendant and all persons acting in concert with it from interfering with Crorama's contractual relationship with Ali and from engaging in unfair competition against Crorama.

3. For actual damages and defendant's profits in an amount in excess of $100,000 to be determined at trial, plus interest.

4. Awarding Crorama monetary relief including damages sustained by Crorama in an amount not yet determined, including actual damages for copyright infringement and willful infringement under 17 U.S.C. §§ 504, as appropriate.

5. For their reasonable attorneys' fees and costs.

6. For such other and further relief as the Court deems just and proper.

DATED: April 9, 2019       **MANNING & KASS**
                           **ELLROD, RAMIREZ, TRESTER LLP**


By: _____*/s/ Roland Tong*_____
    Roland Tong
    Attorneys for Plaintiff

# DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

DATED:  April 9, 2019

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By: _____*/s/ Roland Tong*_____
Roland Tong
Attorneys for Plaintiff