Roland Tong (State Bar No. 216836)
   *rjt@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
19800 MacArthur Blvd, Suite 900
Irvine, California 92612
Telephone: (949) 440-6690
Facsimile: (949) 474-6991

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CRORAMA, INC.<br><br>        Plaintiff,<br><br>    v.<br><br>JANNETTE DOMINGUEZ and CHOUDHRY M. HASSAN,<br><br>        Defendants. | Case No. 8:19-cv-00676-JLS-kes<br><br>Case assigned to District Judge Josephine L. Staton<br><br>**PLAINTIFF CRORAMA, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO ADD A DEFENDANT AND FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declarations of Husnain Alamdar and Roland Tong filed concurrently herewith; [Proposed] Order lodged concurrently herewith]<br><br>Courtroom: 10A<br>Date:      October 18, 2019<br>Time:      10:30 a.m.<br><br>Complaint Filed: 04/11/2019 |

**PLAINTIFF CRORAMA, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO ADD A DEFENDANT AND FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**TO DEFENDANTS JANNETTE DOMINGUEZ AND CHOUDHRY M. HASSAN AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 18, 2019, at 10:30 a.m., or as soon thereafter as the Motion may be heard at the United States District Court, located at Courtroom 10A, 350 W. First Street, Los Angeles, California 90012, the Honorable Josephine L. Staton presiding, Plaintiff Crorama, Inc. ("Crorama" or "Plaintiff") will and hereby does move this Court for an order granting Plaintiff leave to file a Second Amended Complaint to add Miguel Dominguez as a Defendant and for the proposed Second Amended Complaint to be deemed filed.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 16, 2019, as well as through various electronic communications.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declarations of Husnain Alamdar and Roland Tong filed concurrently herewith, all of the pleadings, files, and records in this proceeding, and all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Respectfully submitted,

DATED: August 21, 2019      **MANNING & KASS**
                                             **ELLROD, RAMIREZ, TRESTER LLP**

By: _/s/ Roland Tong_
     Roland Tong
     Attorneys for Plaintiff

2
**PLAINTIFF CRORAMA, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO ADD A DEFENDANT AND FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Crorama, Inc. seeks leave of court to file a Second Amended Complaint in order to add Miguel Dominguez ("Mr. Dominguez") as a Defendant. *See* Declaration of Roland Tong ("Tong Decl.") ¶ 3, Exh. A, Proposed Second Amended Complaint ("SAC"). Plaintiff only recently discovered that Mr. Dominguez stole Plaintiff's products by advertising and selling Plaintiff's products as his own on Ebay, conspiring with Plaintiff's former employees who used software stolen from Plaintiff to ship Plaintiff's products from its warehouses to fulfill Mr. Dominguez's Ebay orders, and profiting from these sales without Plaintiff's knowledge or consent. For the reasons set forth below, Plaintiff's Motion to add Miguel Dominguez as a Defendant should be granted.

## II. RELEVANT PROCEDURAL HISTORY

On May 6, 2019, Plaintiff filed its first amended complaint against defendants Jannette Dominguez and Choudhry M. Hassan for Copyright Infringement, Intentional Interference with Contractual Relations, Unfair Competition, and Conversion. (Dkt. No. 10). The gravamen of Plaintiff's complaint is that Ms. Dominguez and Mr. Hassan utilized a criminal enterprise comprised of Plaintiff's former Pakistani-based employees to assist them in advertising Plaintiff's products as their own on Amazon and Ebay, stealing Plaintiff's products from its Australia, Chicago, and California warehouses, and taking all of the profits from these sales without Plaintiff's knowledge or consent. Dkt. No. 10, ¶18-20.

After Plaintiff filed a First Amended Complaint against the existing defendants on May 6, 2019, Plaintiff discovered that Mr. Dominguez also advertises Plaintiff's products as his own on Ebay using an account called "Motorcyclegeneration." *See* Declaration of Husnain Alamdar ("Alamdar Decl."), ¶ 3. Plaintiff is informed and believes that when a customer makes a purchase from Mr. Dominguez's Ebay

account, Mr. Dominguez contacts the Pakistani-based criminal enterprise comprised of Plaintiff's former employees, and they use software stolen from Plaintiff to generate an order instructing Plaintiff's current employees to ship the product from its warehouse. Dkt. No. 10, ¶ 20. The customer makes a payment through Mr. Dominguez's Ebay account, and he receives the payment without Plaintiff's knowledge or consent. *Id.* Plaintiff has incurred substantial economic loss because it does not get paid for its product. *Id.* Since Plaintiff did not find out about its claims against Mr. Dominguez until after it filed the First Amended Complaint, Miguel Dominguez was not named as a defendant in the First Amended Complaint. *Id.* at ¶ 4.

On August 16, 2019, Plaintiff's counsel asked each of existing Defendant's counsel to stipulate to the filing of the Second Amended Complaint in order to add Mr. Dominguez as a defendant. Defendant Choudry Hassan's counsel indicated he would not oppose but counsel for Defendant Jannette Dominguez refused. Tong Decl., ¶ 4. As a result, Plaintiff brings this Motion.

### III. ARGUMENT

#### A. **A Motion for Leave to Amend to Add a Party Is to Be Liberally Granted, Absent Prejudice to an Existing Party, Undue Delay, or Bad Faith.**

Rule 21 of the Federal Rules of Civil Procedure provides that the court, on motion or on its own, may add a party "at any time." It is well-settled that leave to amend to add a party should be freely and routinely given, absent prejudice to an existing party, undue delay, or bad faith. *FTD Corp. v. Banker's Trust Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997). *See also Helene Curtis Industries, Inc. v. Sales Affiliates, Inc.*, 105 F. Supp. 886, 901 (S.D.N.Y. 1952) (the addition of parties is a "matter to be treated liberally"). As the United States Supreme Court observed in *Mullaney v. Anderson*, 342 U.S. 415, 417 (1952)("Mullaney"), a contrary rule "would

entail needless waste and runs counter to effective judicial administration." *See also* Charles Alan Wright et al., *7 Federal Practice and Procedure* §1681, 473 (3d ed. 2001) (Rule 21 "provides the courts with a valuable procedural device that can be used to avoid multiple litigation and to promote liberal joinder of parties").In *Mullaney*, the Court allowed nonresident fishermen to be added as party plaintiffs after defendants challenged on appeal the standing of the existing plaintiff to raise the constitutional claims of nonresident fishermen against a challenged territorial licensing scheme. The Court held that the new plaintiffs may be added *even after trial* because there was no prejudice and no impact on the litigation because no new claims were made. *See Mullaney, supra*, 342 U.S. at 417.

Additionally, Rule 15(a)(2) of the Federal Rules of Civil Procedure allows a party to amend its pleading with the court's leave and states the court "should freely give leave when justice so requires." This judicial policy is designed to resolve all disputes arising out of the same events in one trial and on the merits. In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court enumerated the following factors for a district court to consider whether to grant leave to amend pursuant to Rule 15(a)(2):

> In the absence of any apparent or declared reason-- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. --the leave sought should, as the rules require, be "freely given."

*Id.* at 182. "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Eminence") (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,185 (9th Cir. 1987)). *See also Griggs v. Pace American Group Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (recognizing four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility in amending). All four factors support Plaintiff's request for

leave to amend.

## B. Plaintiff's Motion Should Be Granted Because the Amendment Poses No Prejudice to the Existing Defendants and Leave to Amend Was Timely Sought.

Plaintiff's Motion should be granted because adding Mr. Dominguez as a Defendant poses no prejudice to the existing defendants, which is the factor that carries the greatest weight in the court's analysis. *See Eminence, supra*, 316 F.3d at 1052 (recognizing the most important factor is whether the amendment poses a prejudice to the opposing party). Plaintiff's claims against Mr. Dominguez arise out of the same set of general facts previously pleaded against the two named defendants. *See* Tong Decl. ¶ 5. Specifically, Plaintiff alleges in the proposed Second Amended Complaint that all three individuals advertised and sold Plaintiff's products as their own, they conspired with Plaintiff's former employees who used software stolen from Plaintiff to ship Plaintiff's products from its warehouses to fulfill their orders, and they profited from these sales without Plaintiff's knowledge or consent. *Id.*, Exh. A, ¶¶ 2-4, 20-21. There are no new causes of action because the existing causes of action against the named defendants also apply to Mr. Dominguez's unlawful conduct. *Id.* Indeed, it would be a waste of judicial resources if Plaintiff had to file another lawsuit solely against Mr. Dominguez for similar unlawful conduct that it alleges against the named defendants. *Id.*

The named defendants also will not be prejudiced because the case is in its infancy, there is no trial date set, and the defendants have abundant time to conduct written discovery and take depositions. *Id.* at ¶ 6. Justice so requires the addition of Mr. Dominguez as a Defendant so Plaintiff can obtain its remedy against the common misconduct of all three Defendants in one trial.

///

///

///

The remaining factors also support Plaintiff's request for leave to amend. Plaintiff is not acting in bad faith or creating undue delay because Plaintiff only recently discovered its claims against Mr. Dominguez after it had filed its First Amended Complaint. *See* Alamdar Decl., ¶¶ 3-4. Until this recent discovery, Plaintiff was not aware that Mr. Dominguez has been advertising, distributing, and selling Plaintiff's products as his own. *Id.* After identifying Mr. Dominguez as a defendant and adding him to the existing causes of action in the proposed Second Amended Complaint, Plaintiff immediately brought this Motion seeking leave to amend. *See* Tong Decl. ¶ 3. Moreover, it is not futile to grant leave to amend because Plaintiff has valid claims against Mr. Dominguez that should be resolved in one trial.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Crorama respectfully requests that the Court grant its motion for leave to amend to add Miguel Dominguez as a defendant and file the proposed Second Amended Complaint.

Respectfully submitted,

DATED: August 21, 2019     **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:     */s/ Roland J. Tong*
          Roland Tong
          Attorneys for Plaintiff

7

**PLAINTIFF CRORAMA, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO ADD A DEFENDANT AND FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2019, I electronically filed the foregoing **PLAINTIFF CRORAMA, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO ADD A DEFENDANT AND FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Ben T. Lila<br>MANDOUR & ASSOCIATES, APC<br>8605 Santa Monica Boulevard, Suite 1500<br>Los Angeles, CA 90069<br>T: (858) 487-9300<br>Email: blila@mandourlaw.com<br><br>Attorneys for Defendant,<br>CHOUDHRY M. HASSAN | Guy E. Mailly<br>MAILLY LAW<br>695 Town Center Drive, Suite 700<br>Costa Mesa, CA 92626<br>T: (714) 384-6531<br>E: gmailly@maillylaw.com<br><br>Attorneys for Defendant<br>JANNETTE DOMINGUEZ |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 21, 2019, at Irvine, California.

*/s/ Lily Coffin*
_____
Lily Coffin

---

8

**PLAINTIFF CRORAMA, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO ADD A DEFENDANT AND FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**