GUY E. MAILLY
MAILLY LAW
695 Town Center Dr., Suite 700
Costa Mesa, CA 92626
714/384-6531
gmailly@maillylaw.com

Attorney for Defendant, Jannette Dominguez

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Crorama, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Jannette Dominguez, <br><br> Defendant. | Case No. 8:19-cv-00676-JLS-kes <br><br> Case assigned to District Judge Josephine L. Staton <br><br> DOMINGUEZ'S OPPOSITION TO MOTION FOR LEAVE TO ADD A DEFENDANT AND FILE A SECOND AMENDED COMPLAINT <br><br> Hearing Date: October 18, 2019 <br> Time: 10:30 a.m. <br> Courtroom: 10A <br><br> Complaint Filed: April 11, 2019 |

-1-

DOMINGUEZ'S OPPOSITION TO MOTION FOR LEAVE TO AMEND

# MEMORANDUM OF POINTS AND AUTHORITIES

Preliminary Statement

Under FRCP 15(a) (2), the Court should liberally grant a timely good faith Motion for Leave to Amend. Crorama made a proforma assertion that it recently discovered that Miguel Dominguez was allegedly selling Crorama's products without permission. It did not state when or how it made this alleged discovery. The Court should reject Crorama's Motion absent some actual evidence that it in good faith filed this motion in a timely manner.

1. Introduction

This case arises from an alleged copyright infringement by Crorama's employees, now former employees in Pakistan. Not willing to pursue the wrongdoers in Pakistan, plaintiff brings this action against Jannette Dominguez, an innocent victim of the fraud of Crorama's employees. [SAC ¶ 15, Dkt. 32-2] Unwilling to honor a settlement it reached with her, they now bring this motion to add her father, who has nothing to do with her business, seeking further leverage over Jannette Dominguez

To support this untimely motion, Husnain Alamdar, CEO of plaintiff, alleges in his declaration that he recently discovered Miguel Dominguez was selling plaintiff's products without permission. [Dkt. 32-4, ¶ 3] He does not state what he discovered, how he discovered it, or when he discovered it. The Second Amended Complaint alleges plaintiff discovered Jannette Dominguez's alleged misconduct on or about March 14, 2019, but is silent as to when it discovered Miguel Dominguez's alleged misconduct. [SAC ¶ 14, Dkt. 32-2] The Second Amended Complaint is also silent as to any action by Miguel Dominguez that would bring him within the

-2-

jurisdiction of this Court. Scant attention is given to any alleged wrongful conduct by Miguel Dominguez. In short, it appears that the addition of Miguel Dominguez is an attempt to strong-arm Jannette Dominguez.

2. The Court should deny the motion for leave to amend because it is brought in bad faith and is untimely.

Under Rule 15 (a) (2), the Court is to liberally grant a motion for leave to amend if it is timely and not in bad faith. *Eminence Capital, LLC v. Aspeon, Inc.* 316 F. 3d 1048, 1052 (9th Cir. 2003) Plaintiff provides no evidence to state when it discovered Miguel Dominguez's alleged misconduct, or how it discovered it, or even what it discovered. Instead of providing evidence, the plaintiff's CEO simply asserts he "discovered" the alleged misconduct after May 6. [Dkt. 32-4, ¶ 3] If he discovered the misconduct, he certainly would know when and how it was discovered. He would know what was discovered. But neither his declaration, nor the Second Amended Complaint provides such facts.

It is telling that the Second Amended Complaint does not allege specific facts of wrongdoing by Miguel Dominguez or allege any facts of misconduct in the State of California. Instead of alleging facts, this Second Amended Complaint is brought forth simply to strong-arm Jannette Dominguez.

3. The Court should deny the Motion for Leave to Amend.

The Second Amended Complaint fails to set forth when plaintiff discovered the alleged wrongdoing of Miguel Dominguez and plaintiff fails to set forth what wrongdoing it allegedly discovered. The Court should deny plaintiff's attempt to strong-arm defendant Jannette Dominguez and deny this Motion.

Respectfully submitted,

September 27, 2019

Guy E. Mailly
Attorney for Defendant,
Jannette Dominguez

DOMINGUEZ'S OPPOSITION TO MOTION FOR LEAVE TO AMEND